UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M. DUNLAP,<br><br>                    Plaintiff,<br><br>       vs.<br><br>JO ANNE B. BARNHART, Commissioner of the Social Security Administration,<br><br>                    Defendant. | CASE NO. ED CV 04-00903 RZ<br><br>MEMORANDUM OPINION AND ORDER |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and each party has filed a supporting memorandum. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

Plaintiff John Dunlap's sole argument is that the Administrative Law Judge "failed to consider" the "testimony" – really the Daily Activities Questionnaire – of his mother, Marlene Dunlap. [AR 160-65] Plaintiff asserts that the Administrative Law Judge

"ignored" this questionnaire because the judge's opinion does not expressly address it. But the judge, whose opinion recites that he has considered all the evidence in the record [AR 11], is not required to address every single item in a claimant's record; a failure to address some items is not tantamount to a failure to consider them or a rejection of them. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003).

Such questionnaires can supply useful information about how a claimant's alleged impairments affect his ability to engage in gainful employment, *see* 20 C.F.R. § 404.1513(d)(4), however, and the Administrative Law thus may reject them only for specific reasons germane to the particular witness. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). Here, the mother's statements in the questionnaire were essentially cumulative to Plaintiff's own testimony: both asserted that Plaintiff regularly used a computer, prepared meals, drove, did light housework, shopped – and suffered back pain that prevented him from performing more vigorous activities (including engaging in gainful employment). [*Compare* AR 30, 36-37 (Plaintiff's hearing testimony) and 154-59 (Plaintiff's own questionnaire) *with* AR 160-65 (mother's questionnaire).] The Administrative Law Judge found Plaintiff's testimony not entirely credible, to the extent Plaintiff asserted he was entirely unable to work. [AR 16] Plaintiff does not challenge that finding. Because the mother's questionnaire does not add any significant new evidence to similar statements by Plaintiff, which the judge rejected in a ruling not contested by Plaintiff, any "failure" by the judge to address the questionnaire was not error.

In accordance with the foregoing, the Commissioner's decision is affirmed.

DATED: February __22__, 2006

>   */s/ Ralph Zarefsky*
>   RALPH ZAREFSKY
>   UNITED STATES MAGISTRATE JUDGE